UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHONNA B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C25-5124-BAT

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

      The parties agree this matter should be remanded but disagree about whether the remand should be for further administrative proceedings or an award of benefits. Dkts. 13, 18, 19. Although the Commissioner concedes that the ALJ's decision was unsupported by substantial evidence and offers no suggestions for how the record should be supplemented or clarified, he argues that this matter should be remanded for further proceedings because plaintiff has not demonstrated that "the record is free from conflicts and ambiguities so as to warrant a finding of disability here." Dkt. 18, at 2. The Court finds that plaintiff has satisfied the credit-as-true standard and the record as a whole does not create serious doubt about whether plaintiff is, in fact, disabled due to absenteeism related to physical and mental impairments. The Court therefore **REVERSES** the Commissioner's final decision and, exercising its discretion, **REMANDS** the matter for the calculation and award of benefits under sentence four of 42

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 1

1  U.S.C. § 405(g), subject to clarification about what portion of the relevant period of disability
2  may be administratively precluded by the denial of prior applications.

## BACKGROUND

In May 2018, plaintiff filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") with an alleged onset date of July 27, 2011, and a date-last-insured of December 31, 2016. Tr. 126, 161. The case has since been remanded for further proceedings twice. ALJ Paul Gaughen held three hearings in 2019 and 2020 before concluding that plaintiff was not disabled in a June 2020 decision. Tr. 43–74, 203–31, 3401–49. The Appeals Council reversed this decision and remanded for a new hearing because (1) there were inconsistencies between the ratings of plaintiff's mental limitations and the residual functional capacity ("RFC") finding; (2) there was an inconsistency between plaintiff's past relevant work as a retail sales associate and the RFC finding; (3) the ALJ needed to consider plaintiff's obesity in light of new agency guidance; and (4) the ALJ failed to consider the relevant lay testimony of plaintiff's mother. Tr. 234–35. ALJ Allen G. Erickson held an October 2021 hearing and concluded that plaintiff was not disabled in a December 2021 decision. Tr. 18–33, 75–116. In federal district court, the parties stipulated to a remand for further administrative proceedings in June 2023. Tr. 3520–25. In August 2023, the Appeals Council clarified the scope of the remand by specifying that the ALJ should: (1) consider plaintiff's cervical spine impairment; (2) consider only the claims filed in the May 2018 applications because ALJ Erickson had erred by reopening November 2013 applications[1] that were initially denied in April 2014, given that

---

[1] In the October 2021 hearing, plaintiff asked to reopen applications filed in November 2013, which were purportedly dismissed in November 2015. Tr. 81. In briefing, however, plaintiff refers to prior applications filed in May 2012 and November 2013 that are not included in the record. Dkt. 13, at 19; Dkt. 19, at 10; *see* Tr. 127, 145 (referring to DIB application of May 17,

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

1  "fraud" was the only justification for reopening an application more than four years after an
2  initial denial; and (3) consolidate a later-filed, July 2022 application for benefits because it
3  would otherwise duplicate the May 2018 applications. Tr. 3515–16. ALJ Erickson then held a
4  June 2024 telephonic hearing and issued the decision at issue here on October 17, 2024. Tr.
5  3449–78, 3486–3512.

6       ALJ Erickson found that plaintiff met the insured status requirements through December
7  31, 2016, and has not engaged in substantial gainful activity since the alleged onset date of July
8  27, 2011. Tr. 3455. The ALJ found that plaintiff has the severe impairments of migraine
9  disorder, right ankle osteochondral defect and surgical residuals, asthma, major depressive
10 disorder, generalized anxiety disorder, and dependent personality disorder. *Id.* The ALJ noted
11 that "[o]ther variant mental diagnoses appeared as well as a somatic disorder," and that given
12 "substantial overlaps in symptomology between different mental impairments, as well as the
13 inherently subjective nature of mental diagnoses. . . . [plaintiff's] psychological symptoms and
14 their effect on their functioning have been considered together, instead of separately, regardless
15 of the diagnostic label attached." *Id.* The ALJ assessed an RFC of light work with additional,
16 non-exertional limitations. Tr. 3458. The ALJ found that although plaintiff could not return to
17 past relevant work, she could still perform jobs that exist in significant numbers in the national
18 economy: the light, unskilled occupations of small products assembler, inspector/hand packager,
19 and cleaner/polisher. Tr. 3465–66. The ALJ thus found that plaintiff was not disabled from July
20 27, 2011, through the date of the decision of October 17, 2024. Tr. 3466.

21
22 ───────────────
23 2012, and applications for DIB and SSI of November 19, 2013). For simplicity, the Court refers to the applications preceding the current May 2018 applications at issue here as the "prior applications."

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 3

The ALJ did not refer to the prior applications nor to the Appeals Council's instruction not to consider them. Plaintiff asserts that the ALJ erred by not reopening the prior applications and the previous medical evidence regulations should therefore apply here. Dkt. 13, at 2 n.1

## DISCUSSION

The Commissioner does not assert that the ALJ's decision is supported by substantial evidence, instead arguing that the case should be remanded for further proceedings because the record contains conflicting evidence. The Court declines the Commissioner's invitation to remand this case for further proceedings for a third time in seven years because plaintiff has satisfied all three elements of the credit-as-true rule. The Court therefore exercises its discretion to remand for the calculation and award of benefits under sentence four of 42 U.S.C. § 405(g). The relevant period of disability may, however, limited by the scope of the prior applications because plaintiff has not demonstrated that the prior determination "was obtained by fraud or similar fault." 20 C.F.R. § 404.988(c); *see* Tr. 149 (noting that plaintiff had concurrent initial and reconsideration denials covering July 27, 2011 and August 14, 2014); *see generally* Soc. Sec. Admin., Programs Operations Manual ("POMS") HA 01290.065 (2014) ("Conditions Necessary for Reopening Due to Fraud or Similar Fault").

**1. Credit-As-True Standard**

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner '*with* or *without* remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014)). Under the Ninth Circuit's

credit-as-true rule, three elements must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Nonetheless, when a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021. Plaintiff contends that she has satisfied all three elements of the credit-as-true standard such that the Court should exercise its discretion to remand plaintiff's claims for an award of benefits. The Court agrees.

First, the record has been fully developed and further administrative proceedings would serve no useful purpose. The record in this case includes over 5,000 pages, plaintiff's testimony in numerous hearings, medical expert testimony by an orthopedist and a psychologist, and assessments of her physical and mental capacity to work by health care providers and psychologists. Given this extensive record, this is not a case in which the admission of more evidence would be "enlightening." *Cf. Treichler*, 775 F.3d at 1101. The Commissioner indicates no aspect of the record the ALJ overlooked that might cast into serious doubt plaintiff's claim to be disabled; rather, the Commissioner simply implies that the ALJ could have done a better job supporting the denial of benefits. *Cf. Garrison*, 759 F.3d at 1022. Yet "our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first

1  part of credit-as-true analysis." *Garrison*, 759 F.3d at 1021; *see Beneke v. Barnhart*, 379 F.3d

2  587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an

3  unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa*

4  *v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal,

5  should not have another opportunity to show that Moisa is not credible any more than Moisa, had

6  he lost, should have an opportunity for remand and further proceedings to establish his

7  credibility.").

8        Second, the Commissioner concedes that the ALJ failed to support his decision with

9  substantial evidence. That is, the Commissioner agrees that the ALJ's opinion must be reversed

10 and remanded for insufficiency of the evidence and/or a misapplication of the law such that the

11 only question is whether the Court should exercise its discretion to do so for further

12 administrative proceedings or for an award of benefits. Dkt. 18, at 1.

13       Third, if the improperly discredited evidence were credited as true, the ALJ would be

14 required to find the plaintiff disabled on remand based on plaintiff's physical and mental

15 limitations leading to absenteeism that would render her unemployable. Plaintiff testified that she

16 stopped working in July 2011 because of her migraines, tremors, and allergic reactions, and that

17 the migraines never got enough under control for her to be able to work again fulltime. Tr. 88–

18 90. In 2024, plaintiff testified that the migraines had never truly gone away since 2011, occurred

19 at least once a week (often two or three times a week), and could last anywhere from an hour, to

20 days, to a week. Tr. 3498–99; *see* Tr. 542 (plaintiff noting in June 2018 headache questionnaire

21 that she had headaches everyday and "[m]igraines around 4 – 10xs per month"). Plaintiff has an

22 extensive medical history of treatment for chronic migraines at a neurology clinic with

23 prescription medications and Botox injections. Tr. 89, 794, 798, 802, 809, 814, 818, 825, 829,

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 6

833, 837, 840, 844, 855, 858, 861, 864, 955, 1158, 1178, 1182–83, 1203–05, 1217, 1224, 1564, 2187, 2196, 3196. For example, in 2015, her medical provider at Swedish Neurology noted that plaintiff "has tried multiple preventatives for migraines without improvement" and "limits her acute treatments to avoid rebound but then is suffering most days and unable to have a reasonable quality of life. Her migraines usually last all day or most of the day." Tr. 840. In 2014 and 2018 opinions, examining psychologist Terilee Wingate, Ph.D., variously diagnosed major depressive disorder, unspecified anxiety disorder, somatic disorder, and dependent personality disorder; and determined that plaintiff would be markedly limited in, among other things, maintaining regular attendance and completing a normal work day and work week without interruptions from psychologically based symptoms. Tr.743–747, 751–754. In 2018, Dr. Wingate concluded:

> She has been in therapy and on medications for years and her condition has not changed. There is a strong somatic focus and significant dependence upon others to care for her. Somatic disorders are very hard to address and her dependence upon her parents makes it unlikely that she will venture out to work. It is unlikely that she will ever return to work.

Tr. 746. In 2020, examining psychologist William Wilkinson, Ed.D., concurred in the same marked limitations on maintaining regular attendance and completing a work day and work week without interruptions for psychologically based symptoms. Tr. 2732. In April 2024, treating psychiatrist Lawrence M. Martin, M.D., reviewed the efficacy of the medications for depression and anxiety; noted that plaintiff's physical problems included arthritis, low back pain, asthma, multiple allergies, and migraine headaches; opined that "[s]he continues to have a suite of both psychiatric and medical problems that reinforce each other"; and concluded, "[s]he has not worked in years & in my opinion is lost to the work force." Tr. 5004. In the May 2020 hearing, the ALJ called two medical experts to testify: orthopedist Dr. Robert Thompson and psychologist

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 7

Dr. Stephen Rubin. Tr. 46, 48–65. Queried regarding whether migraine headaches would keep a person from working, Dr. Thompson responded:

> This would cause significant absences from work. Real migraine headaches generally almost completely incapacitate someone with pain, there's changes in vision and frequently abdominal upset or even vomiting. The evidence shows very frequent neurological treatment for that condition but I think that as an orthopedist without specific expertise in that condition I certainly would expect there to be absences from work."

Tr. 56–57. Dr. Rubin testified that plaintiff's dependent personality disorder features and somatic issues "would not completely make impossible for this woman to function, though she would have absenteeism due to medical problems." Tr. 63. Asked to estimate the amount of absenteeism, Dr. Rubin responded: "[I]t certainly would be a couple of days a month I would guess but I don't know how much more than that." Tr. 64. In August 2019 testimony, the vocational expert opined that a person could not maintain an unskilled job if he or she missed six or eight days a year, which amounts to less than one day per month. Tr. 3437. In May 2020, the vocational expert opined that a person would be unemployable if he or she missed two or more days per month. Tr. 70. Taking the improperly discredited evidence as true—plaintiff's weekly (or more frequent) migraines, her marked inability to maintain regular attendance and complete a typical work day and work week, and medical expert testimony of plaintiff having "significant absences" of at least "a couple of days a month"—plaintiff would be expected to miss more days per month than is permissible to maintain fulltime employment. Plaintiff is therefore disabled.

  Moreover, the Court declines the Commissioner's invitation to remand for further proceedings on the basis that the record creates "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. *Treichler* examined whether the Court had the discretion to remand for further administrative

proceedings rather than an award of benefits, noting: "In light of the conflicts and ambiguities in the record, the district court would not *abuse its discretion* in concluding that not all essential factual issues have been resolved, *or* that the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Treichler*, 775 F.3d at 1105 (emphasis added) (citation and quotation marks omitted). The *Treichler* court thus continued: "Where, as in this case, an ALJ makes a legal error, *but the record is uncertain and ambiguous*, the proper approach is to remand the case to the agency." *Id.* (emphasis added). Here, in contrast, the record is neither uncertain nor ambiguous. It is essentially the same record that was thrice examined by ALJs in 2020, 2021, and 2024, and was/will be thrice reversed for harmful legal and factual errors. The Commissioner does not suggest that administrative proceedings would help to better elucidate the issues, only that the facts and law are different based on whether the case is remanded for proceedings or for an award of benefits.[2] The Court declines the Commissioner's invitation to remand for further administrative proceedings so that an ALJ may, for a fourth time, review the same issues and apply the same law to the same record in the same manner to applications that were filed seven years ago for a period of disability beginning years before that. In fact, such circumstances counsel strongly in favor of remanding for immediate payment of benefits. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (remanding for an award of benefits in-part because claimant first sought benefits more than seven years before and claimed disability began over a decade before); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

---

[2] The Commissioner's position would be more tenable had he indicated with specificity what aspects of the ALJ's decision were unsupported by the evidence and the law, and how such harmful errors could be rectified by further administrative proceedings through, for example, supplementing the record or examining overlooked evidence, or remanding to a different ALJ to examine ignored issues. *See, e.g.*, *Frankie J. C. v. Commissioner of Social Security*, 2025 WL 1009007 (W.D. Wash. Apr. 4, 2025).

1996) (remanding for determination of benefits where the claimant had "already waited over seven years for her disability determination").

### 2. Relevant Period of Disability

The record is less clear on the period of disability that may be administratively precluded by the denial of plaintiff's prior applications. For the May 2018 applications at issue here, plaintiff's alleged onset date of disability is July 27, 2011. Tr. 126, 161. In the October 2021 hearing, plaintiff requested to reopen the November 2013 applications, and in the December 2021 decision, ALJ Erickson referred to reopening the prior applications and considered the same alleged onset date of disability of July 27, 2011. Tr. 18, 81. In its 2021 remand order, the Appeals Council directed ALJ Erickson not to reopen plaintiff's prior applications (referring to the November 2013 applications) because "[a]s the current claims were filed more than four years after the initial denial on the prior claims, reopening can only occur due to fraud." Tr. 3515. The Appeals Council noted that as there was no fraud alleged or demonstrated, the ALJ's "decision should only consider and adjudicate the current claims filed on May 16, 2018." *Id.*

The Appeals Council's reasoning is sound, but the record does not contain sufficient documentation to verify to what extent a portion of the period of disability is administratively precluded. Although a decision may be reopened within four years of an initial determination for "good cause," it may be reopened after four years only for "fraud or similar fault." *Compare* 20 C.F.R. § 404.988(b) *with* 20 C.F.R. § 404.988(c)(1). Plaintiff has not alleged fraud, only that there was good cause to reopen the prior applications because plaintiff did not understand how to file an appeal. *See* Tr. 3492 (counsel referring to SSR 91-5P ["Mental Incapacity and Good Cause for Missing the Deadline to Request Review"]). According to the Appeals Council, the

prior applications filed November 2013 were initially denied on April 17, 2014, while the current applications were filed May 16, 2018. In the initial disability determinations, the agency noted:

> Claimant with concurrent initial and reconsideration denials covering 7/27/2011 – 8/14/2014, failed to appear for ALJ hearing and was dismissed. 7/27/2011 – 08/14/2014 denial deemed appropriate and administrative finality exists. Will adjudicate 8/15/2014 – forward.

Tr. 131, 149. This suggests that plaintiff may be administratively precluded from asserting disability from July 27, 2011 to August 14, 2014, such that the relevant period for the calculation and award of benefits would be August 15, 2014 to the present.

On remand, the Appeals Council should review plaintiff's prior applications and determine whether plaintiff's period of disability here should be from August 15, 2014 to the present due to administrative preclusion, or whether other dates apply, then direct the ALJ to calculate and award benefits accordingly.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for the calculation and award of benefits under sentence four of 42 U.S.C. § 405(g), subject to clarification about what portion of the relevant period of disability may be administratively precluded by the denial of prior applications. On remand, the Appeals Council shall direct the ALJ to calculate and award benefits based on the properly determined dates.

DATED this 8th day of October, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge